D. T. LUBBOCK v. H. COOK ET AL.

1. PRACTICE—CITATION IN ERROR.—When the petition for a writ of error omits to state the residence of a defendant in error, the clerk, in issuing the citation in error, may direct it to the sheriff of the county in which the orginal petition states that the party resides.
2. COMPUTATION OF TIME.—When time is to be computed from or after a certain day from an act done, the day on which the act is done is to be excluded in the computation.
3. SAME—WRIT OF ERROR.—In computing the two years within which a writ of error may be taken, the day of the rendition of the judgment is excluded.

ERROR from Harris. Tried below before the Hon. James Masterson.

*M. W. Garnett,* for defendant in error, on motion to dis-

miss, cited Paschal's Dig., art. 1496–1517; Childs *v.* Smith's Heirs, 13 B. Monr., 460–461; Ogden *v.* Redman, 3 A. K. Marsh., (Ky.,) 1100; White *v.* Crutcher, 1 Bush, (Ky.,) 472; Alger *v.* Curry, 40 Vt., 437; 32 Cal., 347; 1 Houst., (Del.,) 188; Brown *v.* Buzan, 24 Ind., 194.

*E. P. Turner, contra.*—In Waterhouse *v.* Love, 23 Tex., 559, Mr. Justice Wheeler seemed to hold that the time was to be computed from the date of the judgment. This, of course, would mean from the day on which the judgment was rendered, and would exclude that day, leaving the day on which the petition for writ of error and bond were filed to be included. This would seem to be the legitimate construction of our statute, for the law does not in any manner regard the fraction of a day. "From the rendition," does not seem to mean after and from the very point of time of the day on which the judgment was rendered; but, clearly, after the date of the rendition is from the day on which the same was rendered.

In the case of Hester *et ux v.* Edwin Bass, 30 Tex., 743, the court say: "Judgment was rendered in the District Court on the 25th of September, 1860. The act in force at that time provides that no writ of error shall be granted to any judgment after two years from the time such judgment shall have been made final; consequently a writ of error could not have been prosecuted after the 25th day of September, 1862."

The same acts were in force then that are in force now.

Although the facts of the case not having called for it may give this somewhat the character of a dictum, yet we submit that this may be regarded as a judicial construction of the statute.

But, says counsel for defendants in error, there is a difference in the legal rule as to computing time in the case of an act done and a day certain.

In some cases, there unquestionably is, as the time at which a statute is declared to be in force,—as was held by Mr. Justice .

Story in the case of Arnold *et al. v.* The United States, in 9 Cranch, 104, cited and relied on by the opposing counsel.

The question presented, was whether a statute passed on the 1st of July, 1812, which by its terms, we presume, provided that it should go into effect from and after its passage, did take effect from the time (that is, the hour) of its passage, or whether the day on which it was passed was to be excluded. The court very properly held that it took effect from the very precise time of its passage. This was the obvious intention.

The principle decided, we submit, is not applicable to the principal case.

Here a right is granted, with a proviso or limitation attached.

The courts will forward instead of curtailing the right, and will not, by a forced construction, deprive a party who has evidently (as this plaintiff in error most certainly has) been injured, of submitting his cause for revision by the highest tribunal in the State.

Again, the case of Chiles *v.* Smith's Heirs, 13 B. Monr., 460-461, cited by the defendants in error, and upon which they seem chiefly to rely, was decided under the Kentucky statute, which is only similar to, and not identical with, ours.

The Kentucky statute provides, that no writ of error shall be sued out, "except in three years next after the judgment or final decree, and not thereafter," and the question came up on a plea of the statute of limitations.

This case seems to overrule the case of Harris *v.* Cassity, 9 B. Monr., 192, in which it seems the court had taken the opposite ground.

The phraseology of our statute is different. Ours does not contain the restrictive word "in," but reads, "after the expiration of two years," &c.

If your honors will be pleased to examine the various cases cited in Chiles *v.* Smith's Heirs, commencing with Bellaris *v.* Hester, 1 Lord Raymond, 280, and following them as cited, and upon which the court in said case bases its decision, you

will perceive that every one is based upon some statute containing the restrictive words "in" or "within."

We respectfully refer the court to an admirably-considered case in Massachusetts, in which these very authorities are fully examined and commented on, and the prevailing rule is announced. (Bigelow v. Wilson, 1 Pick., 493, 497, and cases cited.)

All the cases upon which the Kentucky court, in Chiles v. Smith's Heirs, bases its opinion, are reviewed and examined, and the Massachusetts court arrives at a different conclusion. (See 7 J. J. Marsh., 202; 1 Blackf., 362; 4 N. H., 267; 3 Penn., 200.)

The rule as adopted in New York is the same as in Massachusetts, and excludes the day of the date.

In Wilcox v. Wood, 9 Wendell, 349, Chief Justice Savage says: "In this State, on questions of the computation of time, arising under our own rules and statutes, and upon promissory notes, we hold that the day of the date is excluded."

The court is especially invited to examine The Commercial Bank of Oswego v. Ives, 2 Hill, 355; Vandenburg v. Van Rensselaer, 6 Paige, 147; People v. N. Y. Central R. R. Co., 28 Barb., 284.)

Mr. Chitty regards the rule as adopted in New York as the prevailing rule also in England. (See 3 Chitty's General Practice, 109.) He says: "That in construing 2 W. & M., sec. 1, ch. 5, authorizing a landlord to sell a distress after such distress and notice as aforesaid, and the expiration of five days, the day of the making of the distress is to be excluded, and, after allowing the five following clear days, the sale should not be until the seventh day."

ROBERTS, CHIEF JUSTICE.—Defendants in error moved to dismiss this case upon two grounds:

1st. That the service of the citation in error upon M. W. Garnett, one of the attorneys of record for William Andrews, one of the defendants in error, did not amount to legal ser-

vice on said Andrews, because the petition for the writ of error omitted to state the residence of said Andrews to be in Harris county, wherein the sheriff returned upon said writ said Andrews was not found; and neither the writ nor the petition in error stated in what county the said Andrews resided; but the writ was issued to and served by the sheriff of Harris county on said attorney, the return stating that Andrews was not found.

The answer to this, is that said Andrews, being one of the plaintiffs in the suit in the District Court, the original petition represents him as being a resident of Harris county, which has often been held to be a sufficient guide to the clerk in issuing the citation in error.

The objection made to the service on Bussey, one of the defendants in error, was verbally withdrawn by the counsel who made the motion in presenting it to this court.

2d. The second ground of the motion, is that the writ of error was not sued out within two years from the rendition of the judgment, because the judgment was rendered on the 11th of August, 1874, and the bond for writ of error was filed on the 11th of August, 1876.

It is contended, for the motion, that the proper mode of computing time from an act done, (the rendition of the judgment,) is to include the day on which it is done; and that, by that rule, the bond was filed on the day " after the expiration of two years" (allowed for a writ of error by the statute) "from the rendition of the judgment." (Paschal's Dig., art. 1496.)

The decisions upon this subject are conflicting:

In some of the States, it is held to be the correct rule generally. (Chiles *v.* Smith's Heirs, 13 B. Monr., 460; Brown *v.* Buzan, 24 Ind., 194.) In other States, it is held that the day on which the act is done should be excluded, unless there is something in the mode of expression, or some other good reason for requiring the rule to be changed. (Bigelow *v.* Wilson, 1 Pick., 485; Commercial Bank of Oswego *v.* Ives, 2 Hill, (N. Y.,) 355, and note.)

In England, it has been held, that "wherever a right would be divested, or a forfeiture incurred, by including the day when the act was done, the computation will be made exclusive of it." (Lester *v.* Garland, 15 Ves. Jr., 248, and note 258.)

In the case of Burr *v.* Lewis, 6 Tex., 81, Justice Wheeler, referring to the case cited above from 1 Pick., says: "It is a well-settled rule, respecting the computation of time, that where it is to be computed from or after a certain day from an act done, the day on which the act is done is to be excluded in the computation, unless it appear that a different computation was intended." (See, also, O'Connor *v.* Towns, 1 Tex., 107; Hollis & Love *v.* Francois & Border, 1 Tex., 119.)

Though none of the reported cases, decided by this court, may be exactly in point as applicable to this, the reasoning and decisions, as far as they go, correspond with our own opinion, that, in a case like this, the proper rule is to exclude the day upon which the judgment was rendered, in computing the two years allowed for suing out the writ of error, which makes the bond to have been filed in time.

MOTION OVERRULED.