MILLER HAMMONS V. THE STATE.

*No. 572.   Decided February 16, 1895.*

**1.   Escape Pending Appeal—Computation of Time.**

Under provision of Art. 880 [845], Code of Criminal Procedure, a party who has escaped from custody, pending his appeal, may have the order of the Court of Criminal Appeals dismissing his appeal set aside. "if it be made to appear that the accused had voluntarily returned to the custody of the officer from whom he had escaped, within ten days."   In computing the ten days, the day of his escape must be excluded and not reckoned in the computation.

**2.   Same—Surrender, to Whom Made.**

After an escape by a party, pending his appeal, his surrender to any sheriff of the State, except the sheriff of the county from which he escaped, his deputies or successor, is not a compliance with the statute.   Unless the appellant becomes the prisoner of the proper officer before the expiration of the ten days, in law he abandons his appeal.

APPEAL from the District Court of Llano.   Tried below before Hon. W. M. ALLISON.

The indictment in this case charged appellant with the murder of Captain Thomas H. Dunn, in Llano County, on the 24th day of March, 1894.   At his trial in the District Court of said county, on the 4th day of June, 1894, he was convicted of murder in the first degree, his punishment being assessed at imprisonment in the penitentiary for life.   He

appealed to the Court of Criminal Appeals, and, by order of the District Judge, was removed for safe custody to the jail of Travis County, to await the result of the appeal.   On the 8th day of July, 1894, he and other prisoners succeeded in effecting their escape from the jail of Travis County.   The Assistant Attorney General made a motion to dismiss the appeal upon the ground that appellant had escaped from custody pending his appeal, and had not voluntarily surrendered to the proper officer within ten days.   This motion was sustained by the court, and the appeal was dismissed.   The facts pertaining to the escape, and defendant's surrender, are stated in the opinion below.   After the dismissal of the appeal defendant filed a motion to set aside the judgment of dismissal and reinstate the appeal, upon the ground that the sheriff of Burnet county, to whom he surrendered, was acting for and as the agent, and under the express authority of R. E. White, sheriff of Travis County, who had been notified that defendant desired to surrender; and who instructed the sheriff of Burnet County to receive the defendant's surrender and take him into his custody—which he did as agent for said White. This motion to reinstate the appeal was overruled.

*James G. Cook* and *James Flack*, for appellant.

*Mann Trice*, Assistant Attorney General, for the State.

HURT, PRESIDING JUDGE.—The Attorney General has filed a motion to dismiss the appeal in this case, on the ground that the appellant escaped from the custody of the sheriff of Travis County pending his appeal. This escape occurred Sunday evening at about 7 o'clock p. m.   He surrendered himself to the sheriff of Burnet County at 11:45 p. m. on the following Wednesday week.   The motion to dismiss the appeal was resisted by the appellant on the ground that he had surrendered within the time prescribed by the statute, which is ten days after his escape.   We hold that the day upon which the escape occurred is not to be reckoned, and in this case, if appellant had surrendered himself to the officer from whom he escaped, he would have been in time to have preserved his appeal.   But the law requires the convict to voluntarily return to the custody of the officer from whom he escapes.   He did not do this, but surrendered himself to the sheriff of Burnet County.   The sheriff of Burnet County was not the officer from whom he escaped, nor had said sheriff any legal right to retain him.   He was without authority in law to do so.   If appellant had surrendered himself to the sheriff of Travis County, or any of his deputies, or the successor of such sheriff, at the time he surrendered to the sheriff of Burnet County, he would have been in time; but a surrender to any sheriff in the State, except the sheriff of the county from which he escaped, his deputies, or successor, is not a compliance with the statute.   Unless the appellant becomes the prisoner of the proper officer before the expiration of the ten days, in law he abandons his appeal.   By the conduct of the accused, if we should hold to a contrary rule, it might entail upon the State the trouble and expense

of transporting him to the county from which he made his escape.    The
motion is accordingly granted, and the appeal is dismissed.

*Dismissed.*