R. L. Storey v. The State.

No. 7351. Decided October 18, 1922.

*Murder—Escape—Custody—Surrender of Appellant.*

Under the Statute, the right of the appellant to have the order dismissing his appeal set aside depend upon his voluntary return to the custody of the officer from whom he escaped, is not complied with when he

surrendered himself to an officer of another county, and from whom he had not escaped, and it being shown that appellant escaped pending appeal, and had not voluntarily returned within ten days after such escape, the appeal must be dismissed. Following Hammons v. State, 35 Texas Crim. Rep., 17.

Appeal from the District Court of Childress. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of murder; penalty, eighteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of murder in the District Court of Childress County, and his punishment fixed at eighteen years in the penitentiary.

The State moves to dismiss this appeal because of the escape of appellant from custody pending the appeal. Said motion is supported by the affidavits of the sheriffs of Childress and Hall Counties. From these we learn that on the night of July 3, 1922, appellant made his escape from the county jail of Hall County to which he had been transferred from the Childress County jail, while his appeal was pending,—and that he was recaptured on the 4th of July in Childress County. Appellant contends that after escaping from the Hall County jail he voluntarily returned to custody within ten days, and that under our decisions and the statutes of this State he thus avoided the dismissal of his appeal. Art. 912, Vernon's C. C. P., declares that the escape of one convicted of a felony pending appeal, deprives this court of further jurisdiction of such appeal, but further provides that the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned to the custody of the officer *from whom he escaped,* within ten days after such escape.

As supporting his contention of a voluntary return, appellant offers his own affidavit and those of the two officers who found him at the residence of his father-in-law in Childress County on July 4th, also the affidavits of his wife, her brother and father. He swears that he left the jail in Hall County with the intention of visiting his wife and children in the adjoining county of Childress, and then returning to the Hall County jail, and that as soon as he reached the residence of his father-in-law where his own family were staying he asked them to notify the sheriff of Childress County that he was at said residence and was on his way back to jail. The wife, her brother and father, swear that appellant reached the home of her father about one P. M. on July 4th, and stated to them that he was going to return to the jail at Childress, and that said residence was

between the county seat of Hall County and the town of Childress; that the father tried to phone the sheriff at Childress to inform him of appellant's desire to surrender, but could not get said officer over the telephone; that presently they saw the sheriff of Childress County and the marshal of the town of Childress approaching; that the officers were still at a distance from the house; that appellant made no attempt to escape but met the officers and surrendered to them. The two last mentioned officers made affidavit that appellant met them at the doorof his father-in-law's residence and invited them in, and stated to them that he was fixing to come in and would have been in in a little while.

It will be observed that the article of our Code of Criminal Procedure referred to makes the right of the appellant to have the order dismissing his appeal set aside, dependent on his "voluntary return to the custody of the officer from whom he escaped." Giving to this unfortunate appellant full benefit of a voluntary surrender to the sheriff of Childress County, would not meet the requirement of the statute. Appellant had been transferred from Childress County to the county jail in Memphis, the county seat of Hall County, and escaped from the custody of the sheriff of the latter county. He did not escape from the custody of the Childress jailor, nor from the Childress jail. Appellant did not voluntarily return to the custody of the officer from whom he escaped and has never been yet returned to the Hall County jail. These facts being true, the question of appellant's right to have the order dismissing the appeal set aside, or to have this court further retain jurisdiction of said appeal, is not an open one. Judge Hurt, in Hammons v. State, 35 Texas Crim. Rep., 17, definitely settled the law of this case against appellant's contention. The facts in the Hammons case were legally identical with those now before us. Hammons escaped from one jail and within ten days surrendered himself to the authorities in another county. Judge Hurt uses the following language:

"But the law requires the convict to voluntarily return to the custody of the officer from whom he escapes. He did not do this, but surrendered himself to the sheriff of Burnet county. The sheriff of Burnet county was not the officer from whom he escaped, nor had said sheriff any legal right to retain him. He was without authority in law to do so. If appellant had surrendered himself to the sheriff of Tarvis county, or any of his deputies, or the successor of such sheriff, at the time he surrendered to the sheriff of Burnet county, he would have been in time; but a surrender to any sheriff in the State, except the sheriff of the county from which he escaped, his deputies, or successor, is not a compliance with the statute. Unless the appellant becomes the prisoner of the proper officer before the expiration of the ten days, in law he abandons his appeal."

The motion of the State to dismiss the appeal must be sustained, and it is so ordered.

*Dismissed.*