## HARDY v. CITY OF THROCKMORTON.

### No. 1251.

Court of Civil Appeals of Texas. Eastland.
April 13, 1934.

Rehearing Denied May 11, 1934.

See, also, 62 S.W.(2d) 1104.

Tom Davis, of Haskell, and Jno. Lee Smith, of Throckmorton, for appellant.

T. R. Odell, of Haskell, and D. T. Bowles, of Breckenridge, for appellee.

HICKMAN, Chief Justice.

In a condemnation proceeding instituted by the city of Throckmorton, a municipal corporation, against H. L. Hardy and others, for the purpose of condemning certain land for street and road purposes, the special commissioners appointed to assess the damages filed their report with the county judge on September 23, 1932. On October 3d thereafter the property owners, being dissatisfied with the decision, filed their objections thereto in writing with the county clerk. A trial was had upon the issues joined, resulting in a judgment in favor of the property owners for $1,400 damages. Upon motion of the city, this judgment was set aside and a new trial granted. Thereafter the city filed a motion to dismiss the objections of the property owners on the ground that the court had no jurisdiction to try the cause, because the objections were not filed in the time and manner prescribed by law. The motion further prayed that the report of the special commissioners be ordered recorded as the judgment in the cause. The motion was sustained, the cause dismissed, and the report of the special commissioners recorded as the judgment of the court. From this judgment, H. L. Hardy, one of the owners of the property, has perfected an appeal to this court.

Two questions of law are determinative of the appeal, namely, (1) Were the objections of the property owners to the decision of the special commissioners filed in time? and (2) Were such objections filed with the proper officer? These questions will be determined in their order.

It is provided in R. S. 1925, art. 3266, subd. 6, that "if either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing. * * *" The judgment from which the appeal is prosecuted recites, in accordance with the record, that the special commissioners filed their decision with the county judge of Throckmorton county on the 23d day of September, 1932, and that the property owners filed their objections thereto with the county clerk of that county on October 3, 1932. This was within ten days. It is the settled rule that, when an act is required to be done within a given number of days from a given date, in computing the time within which same must be done the first day is excluded. Lubbock v. Cook, 49 Tex. 96; Hill v. Kerr, 78 Tex. 213, 14 S. W. 566; Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Ætna Life Ins. Co. v. Wimberly, 102 Tex. 46, 112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852; Hammons v. State, 35 Tex. Cr. R. 17, 29 S. W. 780; White v. Dennis (Tex. Civ. App.) 220 S. W. 161; Key v. Forshagen (Tex. Civ. App.) 57 S.W.(2d) 232.

The second question must be answered in the affirmative. The county clerk, and not the county judge, is the proper official with whom to file the objections. We have heretofore written an opinion on an original application for a temporary injunction in this cause. See Hardy v. City of Throckmorton (Tex. Civ. App.) 62 S.W.(2d) 1104. In our original opinion therein it was held that the objections must be filed with the county judge, as stated in Sinclair v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465, but, in our opinion on rehearing, we reconsidered this question, and concluded that the county clerk was the proper official with whom to file these objections. It is only necessary here to refer to our opinion on rehearing in that case as an expression of our views on this question and the reasons therefor.

Appellee has filed a motion to dismiss the appeal in this cause, which motion has been passed to be considered with the case on its merits, and is now up for consideration. One ground of the motion was that the

appeal bond was defective in various particulars. In response to that motion, the appellant filed his motion for permission to file an amended bond. This permission was granted, and the bond has been filed. No objections are here presented to the amended bond. It follows that the appeal will not be dismissed because of the defective appeal bond.

■ We are also called upon to dismiss the appeal, because it is claimed that appellant's brief was not filed in time and no waiver of the requirements of article 2283 obtained. It would be unprofitable to discuss the issues presented by this motion. The errors upon which the judgment of the trial court is reversed are fundamental. They appear in the judgment itself without reference to any other portion of the record. As above pointed out, the judgment itself recites the dates when, and the officers with whom the decision and the objections thereto were filed. Having discovered these fundamental errors, it is our duty not to dismiss the appeal, but to reverse the judgment of the trial court. This would have been our duty even though no briefs at all had been filed. Haynes v. J. M. Radford Groc. Co., 118 Tex. 277, 14 S.W.(2d) 811; Id. (Tex. Civ. App.) 16 S.W.(2d) 1118.

The motion to dismiss will be overruled, the judgment of the trial court reversed, and the cause remanded.