## LEWIS et al. v. LEWIS.

### No. 1353.

Court of Civil Appeals of Texas. Eastland.

Oct. 26, 1934.

Rehearing Denied Dec. 7, 1934.

C. J. O'Connor and Frank S. Roberts, both of Breckenridge, for appellants.

C. C. Hampton, of Comanche, and F. O. Jaye, of De Leon, for appellee.

PER CURIAM.

Appellants have filed herein a motion for certiorari to perfect the record, alleging, as grounds therefor, that the appeal bond was omitted from the transcript. They attach a certified copy of the appeal bond to their motion. An examination of the transcript reveals that the appeal bond is contained therein and set out in full on pages 18 and 19 thereof. Appellants evidently overlooked this and that was the cause of their making the motion. Obviously, there is no necessity of filing another copy of the appeal bond, and the motion for certiorari is overruled.

■ Appellee has filed a motion to dismiss the appeal on the ground, among others, that the appeal bond was not filed within the time required by law. The record shows that the order overruling the motion of appellants for a new trial was entered on January 3, 1934, at which time notice of appeal in open court was duly given. The appeal bond was filed with, and approved by, the district clerk on February 3, 1934. It follows that the appeal bond was filed thirty-one days after the order overruling motion for new trial. Burr v. Lewis, 6 Tex. 76; Hardy v. City of Throck-

morton (Tex. Civ. App.) 70 S.W.(2d) 775, and authorities there cited.

The district court of Comanche county is authorized by law to continue in session more than eight weeks, article 199, subd. 52, R. S. 1925, and the term in which this case was tried actually continued more than eight weeks, according to the caption of the transcript. By the provisions of article 2253, R. S. 1925, as amended by the Acts of the 40th Legislature, 1927, c. 15, p. 21 (Vernon's Ann. Civ. St. art. 2253), if the term of the court may by law continue more than eight weeks, the appeal bond must be filed within thirty days after notice of appeal is given, if the appellant resides out of the county, and within twenty days if he resides in the county. Appellants reside without the county of Comanche, and an appeal bond filed within thirty days after the notice of appeal was given would have been filed in time, but the bond in the instant case having been filed thirty-one days after such notice was given, this court acquired no jurisdiction of the appeal by the filing thereof, and appellee's motion to dismiss should be granted.

It is accordingly so ordered.