

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXIIXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1492
Re: Time allowed for filing with
Comptroller of Public Accounts
of motor fuel tax refund claims,
under Section 13 (d), Article
7065 (a), Vernon's Annotated
Civil Statutes, as amended by
Senate Bill 179, Acts of Regular
Session, 46th Legislature, with
particular reference to the
inclusion or exclusion of the
day of purchase and the day of
filing, and Sundays and holidays.

By your letter of September 22, 1939, you submit for the opinion
of this department the following question and supporting factual
statement:

"This department has occasion to draw a very definite date in
connection with establishing a time of filing of Motor Fuel
Tax Refund Claims. A claimant will mail his claim on Saturday
when the limitation date, according to the following excerpt
of the Statutes, occurs on Sunday. Such claimant will then
take the position that having placed the claim in the mails that
he should be protected even though this office was not open for
business and the reception of mail on Sunday.

"The same question arises when claims are mailed on a date
prior to a legal holiday.

"To give a specific case I will submit the following:
Purchase was made, according to the Invoice of Exemption, on
March 17th, 1939, and the Affidavit of Claim to which such
Invoice of Exemption was attached shows by the postmark to
have been received in the Austin postoffice at 2:30 P.M.,
September 17th, 1939. September 17th being a Sunday, The
Comptroller's Office was closed, and the claim could not have
been received in the Comptroller's office until Monday,
September 18th.

"Is claimant allowed six (6) months exclusive of date of purchase in which to file his claim with the Comptroller, and also six (6) months exclusive of the date received in this department?"

Section 13 (d), Article 7065 (a), Vernon's Annotated Civil States, as amended by Senate Bill 179, Acts, Regular Session, 46th Legislature, concerning the construction of which this opinion turns, provides as follows:

"Section 13 (d). When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of purchase of motor fuels upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit, on such forms as may be prescribed by theComptroller. Said affidavit shall include a statement as to the source or place of purchase or acquisition of such motor fuel used for purposes other than in propelling motor vehicles over the highways of this State; that the information stated in the attached duplicate copy of the invoice of exemption is true and correct, and the manner in which said motor fuel was used, and that no part of said motor fuel was used in propelling motor vehicles over the highways of this State. Said affidavit shall be accompanied by the duplicate copy of the invoice of exemption above referred to, and the Comptroller may require other affidavits in such form and time as he may deem advisable, and if he finds that such claims are just, and that the taxes claimed have actually been paid, then he shall within sixty (60) days issue warrant or warrants for the amounts due claimant, but no warrant shall be paid by the State Treasurer after twelve (12) months from the date thereof, claimant shall forfeit his right to the refund.

"No refund shall be made where motor fuel is used later than six (6) months from the date of purchase, or appropriation, and no refund shall ever be made where it appears from the invoice, or from the affidavits, or other evidence submitted, that the sale or purchase was made more than six (6) months prior to the date of filing of the application for refund. The date of filing shall be the day such claim is actually received in the Comptroller's Office."

Inasmuch as the foregoing statute, in providing that a motor fuel tax refund claim shall be filed with the Comptroller "within six months from the date of purchase of motor fuels upon which the refund is claimed," makes a "month" the unit for computing the time indicated, it becomes first necessary

to determine just what period of time is embraced within the term "month". The modern authorities recognize but two types of months, lunar and calendar, but with the first we have no concern here, because the Legislature, by Article 23, Subdivision 15, Vernon's Annotated Civil Statutes, has specifically defined "month" to mean a calendar month. The calendar month, sometimes called "civil" or "solar" month, means a month as is designated in the calendar, without regard to the number of days it may contain, in contradistinction to a lunar month, composed of 28 days; the calendar month bears the name and contains the length of days fixed by the Gregorian calendar, varying from 28 days to 31 days. 62 C.J. p. 968, 41 Tex. Juris. 343, McKinney v. State, 66 S.W. 769.

We pass now to a more specific consideration of your inquiry, that is to say, whether or not the date of purchase of the motor fuel upon which a refund is claimed, and the date of filing such claim with the Comptroller should be, either one or both, included or excluded in the computation of the six-months limitation fixed by the foregoing statute, considering month in the calendar sense above discussed. In approaching this question, we first point out the settled general rule that fractions of a day are not considered in the computation of time, and the day on which an act is done must be entirely excluded or included. 41 Tex. Juris. 345, and cases cited; 62 Corpus Juris. 978-979.

Moreover, in computing a designated period of time for the purpose of ascertaining the first or last day on which an act may or must be done the general unquestioned rule is either to include the first day and exclude the last, or to exclude the first and include the last, but not to include or exclude both terminal days unless clearly indicated by the statute or contract under consideration. 62 Corpus Juris. 983. 41 Tex. Juris. 345, and cases cited.

Nothing appearing in the civil statutes under consideration here to remove it from the operation of the foregoing general rule, we next point to the rule corollary thereto, adopted in most jurisdictions, including Texas, to the effect that in computing time "from" or "after" a specified day or event, the first day should be excluded and the last day, that is, the day on which the act is to be done, is included. 62 Corpus Juris. 984, 41 Tex. Juris. 346, and cased cited.

We find no language in the statute involved here, nor in any of the decisions cited to the text of the above stated rule, which would remove such statute from the operation of this

rule. We again direct to your attention the language of the controlling statute hereinabove quoted, directing that within six months _from_ the date of purchase of motor fuel upon which a refund is claimed, such claim must be filed with the Comptroller of Public Accounts. The specified day or event, within the language of the above stated rule, is the date or day on which the motor fuel in question was purchased, and under such rule, such day or date is to be excluded in computing the six-months period. The other terminal date fixed by the statute is the day or date on which such claim should be filed with the Comptroller, and under the stated rule, such day or date is to be included in computing the six-months period allowed by statute for filing such motor fuel tax refund claims.

This rule of excluding the first day and including the last has been, by the Texas courts, applied to somewhat analogous situations. For instance, it was applied in computing the term of a lease which was to run "from" a certain day for a certain number of years, Hazelwood v. Rogan, 67 S.W. 80; in computing the time within which objections may be filed to a commissioner's report, assessing damages for the condemnation of land "after the same has been filed with the county judge," Hardy v. City of Throckmorton, 70 S.W. (2d) 775; and in computing the time within which a writ of error may be taken "from the rendition of the judgment." Appeal and Error - Civil Cases, Vol. 3, Texas Juris. 269.

But another question is presented when the last day of the period, included in the computation under the above stated rule, falls on a Sunday or holiday, and you give a specific instance in your letter where this has occurred. Again we find nothing in the statutes or decisions to remove the instant case from the operation of the general rule which, as stated by numerous authorities in Texas, is that when the last day for the performance of an act falls on Sunday or on a holiday, the day is excluded in the computation of time, and performance may be postponed until the following secular or business day. 62 Corpus Juris. 1000, 41 Tex. Juris. 350, and cases cited. Sunday is _dies non juridious_ in regard to official acts and proceedings, and it was not within the contemplation of the Legislature, in requiring certain papers and records to be filed within a certain time, that the affected state department should remain open on Sundays for this purpose, when the last day of filing falls upon such day.

As illustrative of this, the Supreme Court of Texas in Fessenden v. Terrell, 98 S.W. 640, in constructing an act

directing the Commissioner of the General Land Office to
open bids for the purchase of school lands on the day
following the date when the land comes on the market, held
that the word "day" does not mean thenext calendar day, but
the next day on which the Land Office is required to be open;
and where the next calendar day was a legal holiday, it was
proper to make the opening on the day following. The court
said:

"It seems to us that no one would seriously contend that the
Legislature intended to require these officers to perform a
duty so contrary to the spirit of our laws. Article 2939 of
our Revised Statutes of 1895 declares the 21st of April to
be one of the legal holidays "on which all the public offices
of the state may be closed," and it has been the practice
of the state departments to close upon every such day. In
the matter of opening the bids for the purchase of school
lands there is no urgency for immediate action, and therefore
we do not think the purpose of the Legislature was to change
the general rule, and to require the commissioner of the
general land office to open his office on Sundays or legal
holidays merely for the performance of this duty."

We are fortified in this conclusion by the last sentence in
the second paragraph of section 13 (d) of the Act, which
provides:

"The date of filing shall be the day such claim is <u>actually
received in the Comptroller's Office.</u>"

By so providing the Legislature took cognizance of the general
rule above stated regarding Sundays and holidays, and the
uniformly observed practice of state departments to remain
closed on such days.

But your question and our opinion thereon are limited to a
situation when the last day for the performance of the act
of filing the claim with the Comptroller falls on Sunday
or a holiday. In holding such day to be excluded in the
computation of time, under these circumstances, we do not
hold that Sundays and holidays intervening during the six-
months period between the purchase of the motor fuel in
question and the filing of a refund claim, are to be excluded.
Per contra, the general rule is that, unless the time allowed
for doing the act is very short, or unless Sundays or holidays
are expressly excepted, such intervening Sundays or holidays
will be included in computing the time within which an act is
required to be performed. 41 Tex. Juris. 342, 62 Corpus
Juris. 1007.

Honorable Geo. H. Sheppard, page 6, O-1492


Trusting the foregoing fully answers your question, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Pat M. Neff, Jr.

By

Pat M. Neff, Jr.
Assistant


APPROVED NOVEMBER 6, 1939
s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

PMN:LW/cg

APPROVED OPINION COMMITTEE
By BWB, Chairman