AETNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, V.
LILLIE M. WIMBERLY.

No. 1854. Decided October 28, 1908.

Insurance—Payment of Premium—Computation of Time—Sunday.

An annual premium fell due on Oct. 1, upon a policy of life insurance which allowed "a grace of 30 days" for such payment but forfeited the policy for non-payment. Insured died Nov. 1, leaving the premium unpaid. Held that the days of grace expired with October 31, and this was not affected by the fact that October 1, the day the premium became due, fell upon Sunday. (Pp. 47, 48.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

Mrs. Wimberly sued the insurance company and had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*W. J. Moroney,* for plaintiff in error.—This is not a case of forfeiture. It is a case where it is sought to extend defendant's liability beyond both the letter and the spirit of its contract, and, as said by our Supreme Court, "the rule that demands a construction which would prevent a forfeiture has no application." British-American Ass. Co. v. Miller, 91 Texas, 414, 420; First National Bank v. Lancashire Ins. Co., 62 Texas, 461, 464; Pelican Ins. Co. v. Tray, 77 Texas, 227; Brown v. Palatine Ins. Co., 89 Texas, 590.

In contracts of this character time is of their essence, notwithstanding the intervention of legal holidays. Where a party has a right which he may or may not exercise at his option, the general rule undoubtedly is that the right must be exercised strictly within the time allowed. Hirshfield v. Bank, 83 Texas, 456, 29 Am. St. Rep., 660; Hanover Fire Ins. Co. v. Shrader, 89 Texas, 35, 59 Am. St. Rep., 25. In every unilateral or optional contract the general rule is that time is of its essence. Presidio Mining Co. v. Bullis, 68 Texas, 581; Edwards v. Atkinson, 14 Texas, 373; Killough v. Lee, 2 Texas Civ. App., 260; Goodnight v. Texas L. & M. Co., 34 S. W., 974. Note to State v. Michel, 78 Am. St. Rep., 364.

*J. M. Ralston* and *Moore & Moore,* for defendant in error.—The undisputed evidence showing that by the terms of the policy the premium was due October 1, 1905, and that said October 1 fell on Sunday, the premium therefore became due and payable on October 2, 1905. 19th Am. and Eng. Enc. Law, 52; Monroe Cattle Co. v. Becker, 147 U. S., 73; Hammond v. American M. L. Ins. Co., 76 Mass., 306; Northey v. Bankers Life Assn., 110 Cal., 546; Avery v. Stewart, 2 Conn., 69; Saller v. Bert, 20 Wend., 205; Campbell v. International Ins. Co., 17 N. Y. Sup. Ct., 298; Anonymous, 2 Hill (N. Y.), 375; Stryker v. Vanderbilt, 27 N. J. Law, 68; Craig v. Butler, 83 Hun, 286, 31 N. Y., 963; Hughes v. Snyder, 2 Wkly. Notes Co. (Pa.), 65; Holbrook v. Mill Owners Mut. Ins. Co., 53 N. W., 229; Balkwell v. Bridgeport W. F. Co., 62 Ill., 545; Pressed Steel Car Co. v. Eastern Ry. Co. of Minn., 121 Fed., 609, 57 C. C. A., 635.

MR. JUSTICE BROWN delivered the opinion of the court.

On the first day of October, 1904, the plaintiff in error issued to Garee A. Wimberly a life insurance policy in the sum of one thousand dollars, payable at his death to his wife, Lillie M. Wimberly. The policy provided that the premiums should be paid annually in advance on the first day of October at or before five o'clock, and the first premium was paid upon the issuance of the policy. The policy contained this provision: "Policies cease in accordance with their terms if the premiums are not paid on or before the day stipulated therein for such payment, except that a grace of thirty days is allowed for the payment of any premium after the first, provided that with the payment of such premium interest is also paid thereon for the days of grace taken." The first day of October, 1905, was Sunday and the premium which fell due on that day was never paid by the deceased, who died on November 1, of that year. The plaintiff in error contends that the thirty days of grace expired with the 31st day of October, while counsel for defendant in error contends that the thirty days of grace began at the expiration of the second day of October and embraced all of the first day of November.

If there had been no provision for days of grace in the policy the assured would have had the right to pay the premium on the second day of October, Monday. This proposition of law is not disputed by the plaintiff in error. It is claimed by counsel for the defendant in error that because the day of payment fell upon Sunday and the assured had the right to pay the premium on Monday, that made Monday the day of maturity just as if it had been named in the policy and that the thirty days of grace ran from that day. If the plaintiff in error's contention is correct it determines this case and it will be unnecessary for us to pursue the investigation of the other questions presented.

The first day of October in the year 1905 being Sunday, if the days of grace had not been allowed by the contract, the assured would have had the right to pay the premium on the following Monday, because the law does not require payment to be made on Sunday. It is contended by the defendant in error, and so held by the Honorable Court of Civil Appeals, that this constituted Monday the day for the payment of the premium, and that the thirty days which the contract allowed for the payment of that premium commenced to run at the close of Monday instead of at the close of Sunday, therefore, the first day of November was within the thirty days limit for the payment of the premium. We are of opinion that the fact that the law granted to the assured the right to pay on Monday did not have the effect to add a day to the thirty days allowed by the contract. The contract prescribes that the premium shall be due on October 1, but the policy would not be forfeited if paid within thirty days thereafter. The construction placed upon the contract by the Court of Civil Appeals would give to the assured thirty-one days from the first day of October instead of thirty as expressed in the contract. Wooley v. Clements, 11 Ala. (N. S.), 220. In the case cited suit was upon a note to which the law gave three days of grace. The note fell due on Sunday and was protested on Wednesday. It was contended as in this case that the days of grace began to run at midnight of Monday, and that the note was not pro-

testable until Thursday, but the court held that the days of grace were not enlarged by the fact that the note matured on Sunday.

The rule for computation of time under a state of facts like those set out in this case is well settled to be that the day on which an act is to be performed is to be excluded in determining the time when some other thing is to be done thereafter and that the last day of the time given for the performance of the latter act is to be included in the computation. Hill v. Kerr, 78 Texas, 217; Lubbock v. Cook, 49 Texas, 100.

Applying this rule to the facts of this case the thirty days grace allowed by the policy of insurance began to run at midnight of Sunday, October 1, and terminated at midnight of the 31st day of that month, which gave thirty full days from the day on which the payment was expressed to be made and fulfilled every provision of the contract between the parties. It follows that since Wimberly did not pay the premium at all and died after the expiration of the time allowed within which to make the payment, the policy was forfeited before his death and there was no right of recovery as against the insurance company.

It is unnecessary to discuss the other questions which are raised and it is hereby ordered that the judgments of the Court of Civil Appeals and District Court be reversed and that judgment be here rendered that the defendant in error take nothing by the suit and that the Insurance Company go hence without day and recover of the defendant in error all costs of this proceeding.

*Reversed and rendered.*