**HUNNICUTT v. LEE et al.   (No. 10505.)**

Court of Civil Appeals of Texas. Dallas.
March 2, 1929.

W. I. Gamewell and J. Cleo Thompson, both of Dallas, for appellant.

J. Hardy Neel and Geo. T. Burgess, both of Dallas, for appellees.

LOONEY, J.   Defendants in error move the court to dismiss this appeal on the ground that, under the statute that regulates practice and procedure in the civil district courts of Dallas county, no right of appeal by writ of error exists.

The statute called in question is chapter 105, Acts of the regular session of the Thirty-Eighth Legislature, and now constitute articles 2092 and 2093, R. S. 1925.

Defendants in error contend that, as section 31 of article 2092 prescribes the method of direct appeal only, no mention being made in the act of any other method, the right of appeal by writ of error from the district courts of Dallas county was impliedly prohibited.

This statute does not give the right of appeal; this is conferred by article 2249, R. S., amended by an act effective February 21, 1927 (Acts 1927, c. 52, § 1), and reads as follows: "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

Thus we see that the right of direct appeal or by writ of error, as limited, exists from all district and county courts. The statute under construction simply prescribes the method of perfecting direct appeals from civil district courts in counties having two or more district courts with civil jurisdiction only whose terms continue for three months or longer; it neither mentions nor attempts to prescribe the method of perfecting appeals from said courts by writ of error; this is controlled by general rules of practice and procedure found elsewhere, and made applicable to the courts of the class of those of Dallas county, by a provision of the act itself, as follows: "In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in Civil District Courts of the class included herein." Rev. St. 1925, art. 2093.

The contention here is in effect that section 31 of article 2092, by prescribing a method of direct appeal only, rendered the general statutory provision in regard to the right of appeal by writ of error inoperative in the civil district courts of Dallas county.

Repeals by implication are not favored, and will never be presumed, unless unavoidable inconsistency exists between the subsequent and previous legislation, and then only to the extent of the repugnance. Sutherland on Statutory Construction, § 138, pp. 179, 181. We find no repugnance whatever between the

subsequent and previous legislation on the subject; therefore hold that the right of appeal by writ of error exists from the class of district courts mentioned in article 2092.

Defendants in error also move the court to strike out the statement of facts because not filed within the time required by statute.

The judgment appealed from was rendered May 12, 1928; motion for new trial was filed, and postponed by order of the court to the succeeding term, was amended by leave of the court, on August 11, 1928, was overruled, and, as a part of the order of the court overruling motion for new trial, full time (90 days) was allowed parties within which to prepare and file bills of exception and statement of facts, and on November 2d, the court granted further time of 60 days; the petition and bond in error were filed November 2d (within the 6-month period), citations in error were duly served, statement of facts was filed in the trial court January 7, 1929 (within the period of extension), and in this court on January 25, 1929.

The record, in our opinion, shows that the statement of facts was filed in due time.

Motions to dismiss appeal and strike statement of facts are overruled.