## SNIDER v. DALLAS RY. & TERMINAL CO.
### No. 2399.

Court of Civil Appeals of Texas. El Paso.
March 13, 1930.

Rehearing Denied March 27, 1930.

Geo. K. Holland, of Dallas, for appellant. Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellee.

HIGGINS, J.

The appellant, Mrs. Snider, a resident of Dallas county, Tex., brought this suit in the district court of said county against the appel-

lee to recover damages. The case was tried in the Forty-Fourth district court of said county at the October term, 1928, and judgment rendered December 15, 1928, in favor of appellee.

Motion for new trial was filed in due time by the appellant, which was later amended, and carried over until the April term, 1929, and upon June 1st, the last day of that term, the amended motion for a new trial was overruled, and Mrs. Snider gave notice of appeal upon that date.

On July 1, 1929, affidavit in forma pauperis was made by Mrs. Snider before Hon. Towne Young, judge of the Forty-Fourth district court, before whom the case was tried, which affidavit was in due form made in open court and an order entered by Judge Young allowing her appeal upon said affidavit.

On the same date, July 1, 1929, the affidavit was filed among the papers of the cause.

It will be observed the affidavit was made and filed on the thirtieth day after the overruling of the amended motion for new trial and giving notice of appeal.

The Forty-Fourth district court is governed by the rules of practice and procedure prescribed by article 2092, Rev. St. 1925. Subdivision 31 of said article requires that in appeals the appeal bond shall be filed within thirty days after the motion for new trial is overruled. The act is silent with respect to the time within which the affidavit in forma pauperis is to be filed in appeals upon such affidavits. It therefore follows that article 2253, Rev. St., governs in appeals in forma pauperis.

See article 2093, which provides: "All laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law. In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein." Hunnicutt v. Lee (Tex. Civ. App.) 16 S.W.(2d) 968. See, also, Golden Rod Oil Co. No. 1 v. Golden West Oil Co. No. 1 (Tex. Com. App.) 293 S. W. 167, 168.

In the case last cited the appeal was by writ of error, and it was held with reference to article 2092: "While this act does prescribe the time within which an appeal bond may be filed, it does not purport to change or in any way modify the method of perfecting appeal by writ of error."

Since article 2092 does not prescribe the time within which an affidavit in forma pauperis may be filed, it follows that said article does not change or modify the method of perfecting an appeal, as provided by article 2253.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The affidavit not having been filed within the twenty days limited by article 2253, it follows the appeal was not perfected as required by law, and this court is without jurisdiction of the same. Therefore the appeal is dismissed.