224

## MOORE v. WUTKE.
### No. 3712.

Court of Civil Appeals of Texas. Beaumont.
Oct. 9, 1940.

Rehearing Denied Nov. 13, 1940.

Gilbert T. Adams, of Beaumont, for appellant.

Orgain, Carroll & Bell, of Beaumont, Battaile & Burr, of Houston, and John G. Tucker, of Beaumont, for appellee.

WALKER, Chief Justice.

Carl W. Moore is appellant; W. J. Wutke is appellee. The judgment herein was rendered and entered in the district court of Jefferson county on the 19th day of December, 1939. At the time judgment was rendered, appellant gave notice of appeal to this court; he filed no motion for new trial. On the 16th day of January, 1940, more than 20 days after the rendition of the judgment, appellant filed the following affidavit in lieu of a cost bond:

"No. 52197

"Carl W. Moore vs. W. J. Wutke, et al. | In the District Court of Jefferson County, Texas 60th Judicial District.

"To the Honorable Judge of Said Court:

"Carl W. Moore, plaintiff in the above entitled and numbered cause, pending in the 60th District Court of Jefferson County, Texas, being first duly sworn, upon his oath deposes and says:

" 'That at a regular term of said court, to-wit: on the 19th day of December, A. D., 1939, the said W. J. Wutke, defendant in said cause, recovered a judgment against said Carl W. Moore and the said Southern Underwriters, in which judgment it was ordered, adjudged and decreed that the plaintiff, Carl W. Moore, and the Southern Underwriters take nothing as against W. J. Wutke, and that the said W. J. Wutke recover his cost in said cause, and that the said Carl W. Moore, plaintiff, and the

Southern Underwriters pay all costs in said cause.

" 'Said cause above described was one in which Carl W. Moore was plaintiff and the Southern Underwriters was defendant but who was in fact the compensation carrier of the said Carl W. Moore and was made a defendant by the said Carl W. Moore in his suit against the third party, W. J. Wutke, for certain injuries sustained by the said Carl W. Moore in an automobile collision between the vehicle driven by Moore and the one operated by Wutke which was parked on the Houston Highway; and said trial court, after hearing the evidence, instructed a verdict against the said Carl W. Moore and against the said Southern Underwriters, compensation carrier, who had paid the said Carl W. Moore compensation.

" 'And said judgment ordered that Carl W. Moore and the Southern Underwriters pay all cost of court. To which said judgment, the said Carl W. Moore and the Southern Underwriters then and there in open court excepted and gave notice of appeal to the court of Civil Appeals in and for the Ninth Supreme Judicial District of Texas at Beaumont; which said judgment was entered on December 19, 1939, and from which said judgment the plaintiff, Carl W. Moore, desires to perfect an appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont; but that the said Carl W. Moore is unable to pay the cost of appeal or to give security therefor, but that the said Carl W. Moore is able to pay some small amount per month towards the cost in said cause; that the said Carl W. Moore is a married man and has six children and a wife and himself and his family to support and does not make but a small salary, and, therefore, cannot contribute but a small amount; but that he is willing to and will contribute two ($2.00) dollars per month towards the payment of the cost in this cause, but that he is not able to contribute and pay the clerk any greater amount per month.

" 'Said Carl W. Moore states on oath that he has no property or separate income other than his weekly salary of Twenty Dollars; that he has no means, no property, no assets, no values of bonds or stocks or anything else by which he can put up a security; and that he is unable to procure other people to go his bond or to make bond for him or to give him any security; and he prays this Honorable court to allow him to prosecute his appeal on his affidavit of

inability to pay cost, and that all the facilities of this court be furnished him such as statement of facts, Transcript, and such other matters as may be necessary for the perfection of his appeal.' "

The term of court at which this case was tried could, and in fact did, continue more than eight weeks. Trials and trial procedure in Jefferson county are regulated and governed by Article 2092, Vernon's Ann.Civ.St. which provides that the appeal bond shall be filed within 30 days after the order appealed from is rendered; this article is silent with respect to the time within which the affidavit in lieu of a cost bond is to be filed. So, under the provisions of Article 2093, also relating to and governing trials and trial procedure in Jefferson county, the affidavit must be filed within the 20 days allowed by Article 2253. Construing Article 2092 on this point, in Snider v. Dallas Ry. & Terminal Co., Tex.Civ.App., 25 S.W.2d 878, writ refused, the court said:

"The Forty-Fourth district court is governed by the rules of practice and procedure prescribed by article 2092, Rev.St.1925. Subdivision 31 of said article requires that in appeals the appeal bond shall be filed within thirty days after the motion for new trial is overruled. The act is silent with respect to the time within which the affidavit in forma pauperis is to be filed in appeals upon such affidavits. It therefore follows that article 2253, Rev.St., governs in appeals in forma pauperis.

"See article 2093, which provides: 'All laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law. In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein.' Hunnicutt v. Lee (Tex.Civ.App.) 16 S.W.2d 968. See, also, Golden Rod Oil Co., No. 1 v. Golden West Oil Co. No. 1 (Tex.Com.App.) 293 S.W. 167, 168.

"In the case last cited the appeal was by writ of error, and it was held with reference to article 2092: 'While this act does prescribe the time within which an appeal bond may be filed, it does not purport to change or in any way modify the method of perfecting appeal by writ of error.'

"Since article 2092 does not prescribe the time within which, an affidavit in forma

pauperis may be filed, it follows that said article does not change or modify the method of perfecting an appeal, as provided by article 2253.

"The affidavit not having been filed within the twenty days limited by article 2253, it follows the appeal was not perfected as required by law, and this court is without jurisdiction of the same. Therefore the appeal is dismissed."

Gilmore v. Ladell, Tex.Civ.App., 34 S.W. 2d 919 and Gardner v. Gardner Amusement Co., Tex.Civ.App., 119 S.W.2d 1064, follow the Snider case. It follows that the motion to dismiss the appeal must be sustained.

Appellant advances the following propositions in answer to appellee's motion to dismiss: (1) "Furthermore, appellee's motion is without merit because appellant did not file a so-called 'pauper's oath' and, in truth, could not file one. The instrument filed specifically states that appellant cannot make bond but that appellant is able to and will deposit in the registry of the Court a stipulated amount per month to cover the cost of appeal. This instrument is not a pauper's oath and is exactly the opposite, because appellant could not in truth execute such an affidavit. The instrument filed in lieu of bond is entitled to be treated as more than an affidavit of pauperism and is the kind of instrument which must be filed by one who cannot make bond but who yet is able to defray the cost of appeal. The Supreme Court decision of Pendley v. Berry [95 Tex. 72], 65 S.W. 32, is directly in point and entitles this appellant to prosecute his appeal as herein attempted."

It must be conceded that the affidavit filed by appellant falls within the rule announced in Pendley v. Berry, 95 Tex. 72, 65 S.W. 32, 33, cited by appellant. In that case our Supreme Court said: "The right of appeal is secured both by the general provisions of the statute (article 1383) and by the constitution, giving jurisdiction to the court of civil appeals, and these rules were prescribed by the legislature to afford ample and reasonable rules according to which the right may be exercised. Dillingham v. Putnam [109 Tex. 1] 14 S. W. 303. It is inconceivable that the legislature meant to provide for appeals by parties who could give bond, and for those who could neither give bond nor pay any part of the costs, and leave unprovided for those who, while not able to give security, were able to pay all or a part of the costs. Considering the purposes in view, and the nature of the right given by the constitution and other parts of the statute, the plain implication arising from articles 1387, 1400, and 1401 is that, in order to entitle the party to appeal upon an affidavit and nothing more, he must show that he can neither give bond nor pay any part of the costs, and that, since the bond is intended only as security for the costs, if he cannot give such bond, but can pay the costs, or a part of them, he may by his affidavit show the extent of his inability, and pay as much as he can."

But this authority goes no further than to authorize an appeal by affidavit in forma pauperis, or by an affidavit, of the character filed by appellant herein, of his ability to pay only a part of the costs. But whatever may be said on this point, if the appeal is not by bond then it necessarily follows that it is by affidavit, and Article 2092 is silent with respect to the time within which the affidavit must be filed. Article 2092 simply provides for the perfecting of the appeal by filing a bond, and under no construction can the affidavit filed herein be denominated a bond.

■ (2) "Furthermore, appellant submits that a straight out affidavit of pauperism is entitled to be executed and filed by an appellant within the time allowed for filing an appeal or writ of error bond."

This contention is denied. Where the appeal is by bond or affidavit, and not by writ of error, the bond in Jefferson County must be filed within the time allowed by Article 2092, or, if by affidavit, the affidavit must be filed within the time provided by Article 2253.

■ (3) "There is no warrant in law for requiring one who is injured and impaired in body and suffering from a fractured spine to file an affidavit of inability to secure costs within twenty days of judgment, and at the same time allowing a financially able corporate entity thirty days within which to post bond. If there is to be different periods of time, then the longer period should be allowed the sick and infirm and poor; at least he, too should be allowed the thirty-day period within which to attempt to make bond before putting him to the extremity of swearing to his poverty and suffering the odium which accompanies an affidavit of pauperism."

This proposition is a construction by appellant of what the law should be; under

the authorities cited above, the Supreme Court has approved a construction denying appellant's argument under this proposition.

(4) "The provision of Article 2092, which allows one thirty days within which to file bond, contemplates that appellant shall have the thirty days within which to make bond; and one would be presumptious to make a pauper's oath ten days prior to the expiration of the time allowed him by law to make the bond. History is replete with the records of men who have gone from pauperism to riches in ten days. Every effort should be made and every opportunity of both time and fortune should be indulged before one, by affidavit of pauperism, swears that he cannot make bond within thirty days from judgment.

What we have said under appellant's third contention also answers this contention.

(5) "However, if it should be held that Article 2253 does govern appeals on pauper's oath from courts governed by Article 2092, then appellant respectfully submits that his affidavit under the plain wording of Article 2253 was filed 'within twenty days after expiration of the term'; because under Article 2092, Subdivision 30, the term of the Sixtieth District Court came to an end thirty days after judgment was rendered. See Independent Life Ins. Co. of America v. Work [124 Tex. 281], 77 S.W.2d [1036], 1037, 1038–1040, where the court ruled as follows:

" 'The judgment does not become final until after the expiration of thirty days from the date of the judgment, or after a motion for new trial was overruled, at which time the term of court is at an end as far as the immediate cause is concerned.' "

This contention is denied, under the following provisions of Article 2253: "If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

Appellant cites Hanks v. Texas Employers' Insurance Ass'n, 133 Tex. 187, 128 S. W.2d 1, whereby the appellant was given 90 days within which to file his transcript in the Court of Civil Appeals. The Hanks case deals with the transcript and not the affidavit in lieu of the appeal bond; a discussion of the analogy between the transcript and the affidavit would be purely academic. Appellant also cites Shell Petroleum Corp. v. Howth, 133 S.W.2d 253, 260, where this court said: "True the City Practice Act makes no specific provision for appeals by filing affidavit of inability to pay costs. But it is the clear intent of our statutes that any litigant desiring to appeal his case, and being unable to pay the costs, shall have the right to appeal his case by filing the required affidavit. The affidavit is in every respect in lieu of an appeal bond, and is subject to the same rules with respect to the time of filing."

The facts of the Howth case distinguish it from the facts of this case; in the Howth case the affiants were nonresidents of Jefferson county; in the case at bar the affiant is a resident of Jefferson county.

It follows that the appeal must be dismissed, and it is accordingly so ordered.

Appeal dismissed.

COMBS, J., dissents.