## GRAY v. PORT ARTHUR CITY LINES, Inc.

### No. 3829.

Court of Civil Appeals of Texas. Beaumont.
March 14, 1941.

Rehearing Denied April 9, 1941.

John T. Lindsey, of Port Arthur, for appellant.

Chas. S. Pipkin, of Beaumont, for appellee.

O'QUINN, Justice.

Appellant brought this suit in the 60th district court of Jefferson County, Texas, for himself, and in behalf of his wife, Ola Gray, against appellee, to recover damages alleged to have been sustained by his wife, by and through the negligence of appellee, resulting in a judgment denying appellant any recovery. From that judgment he brings this appeal.

At the outset we are faced with a motion duly filed to dismiss the appeal. The appeal was attempted by affidavit in lieu of an appeal bond. The term of the court at which the case was tried could, and in fact did, continue more than eight weeks. The motion for a new trial was overruled on July 10, 1940 but not entered of record until July 12, 1940; the affidavit was filed August 2, 1940. This was more than 20 days after the motion for a new trial was overruled. The Civil District Courts of Jefferson County operate under Article 2092, R.S.1925, Vernon's Ann.Civ.St. art. 2092. This article provides that appeal bonds shall be filed within 30 days after the order appealed from is rendered. It is silent with respect to the time in which an affidavit in lieu of a cost bond must be filed. Under Article 2093, Vernon's Ann.Civ.St. art. 2093, which also relates to and governs trials and trial procedure in Jefferson County, the affidavit in lieu of bond must be filed within 20 days as allowed by Article 2253, Vernon's Ann.Civ.St. art. 2253. As the affidavit was not filed within 20 days after the motion for a new trial was overruled, it was too late and did not confer jurisdiction on this court to entertain the appeal. Moore v. Wutke, Tex.Civ.App., 145 S.W.2d 224, writ refused. The motion to dismiss is sustained, and the appeal dismissed.

On Motion for Rehearing.

On a former day of this term of court, we dismissed this appeal because the affidavit in lieu of appeal bond was not filed within twenty days after appellant's motion for a new trial was overruled, as required by Article 2253, R.S.1925. In his motion for rehearing, appellant says his motion for new trial was overruled on July 12, 1940, and that he filed his affidavit in lieu of appeal bond on August 2, 1940, and insists that this was within the required time, twenty days. It is obvious that appellant arrives at this conclusion by excluding both the day the motion for a new trial was overruled and the day that the affidavit in lieu of bond was filed. This he could not do. In judicial proceedings the general rule is that where any matter of practice or procedure is required by statute to be done within a certain number of days from or after a preceding event, the first day is excluded in computing such period of time and the last day of time given for performance of the thing to be done is counted. 62 C.J. (Time) §§ 39, 40, pages 992, 993. This is the law in Texas. Aetna Life Ins. Co. v. Wimberly, 102 Tex. 46, 112 S.W. 1038, 1039, 23 L.R.A.,N.S., 759, 132 Am.St.Rep. 852. Here according to appellant's contention the motion for new trial was overruled on July 12, 1940— that left 19 days in July; the affidavit in lieu of bond was filed on August 2, 1940. Nineteen days in July and two in August make 21 days, one day too late under the statute requiring the appeal bond, or affidavit in lieu of bond to be filed within twenty days after the motion for new trial was overruled. The motion for rehearing is denied.