## HUBBARD v. FAULKS et al.

### No. 14425.

Court of Civil Appeals of Texas.
Fort Worth.

March 6, 1942.

John Davenport, Ralph Dickson, and H. W. Fillmore, all of Wichita Falls, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellees.

McDONALD, Chief Justice.

On January 29th, 1942, the clerk of this Court received from B. A. Hubbard, through his attorneys of record, a purported transcript of the proceedings had in Cause No. 35543—C, styled B. A. Hubbard vs. Mrs. M. E. Faulks et al, in the 89th District Court of Wichita County, Texas. It appearing to the clerk upon examining the transcript that the appeal had not been duly perfected, the transcript was referred to the judges of this Court as provided by Rule 388 of the new rules of procedure. The transcript so tendered showed that appellant's motion for new trial was filed on November 1st, 1941, but the transcript contained no order of the trial court overruling said motion, and contained no show-ing that the motion for new trial was presented to the trial court. The transcript further showed that appellant's affidavit in lieu of appeal bond was filed in the trial court on January 2nd, 1942.

From the foregoing it appeared to the Court from said transcript that the motion for new trial was overruled by operation of law on December 1st, 1941, and that appellant's affidavit in lieu of appeal bond was filed more than 20 days thereafter, and that by reason thereof the transcript tendered failed to show jurisdiction in this Court of said appeal.

Thereupon, the Court, under authority of Rule 388, order that notice of such defects issue to appellant's attorneys of record to the end that they might take steps to amend the record, if such could be done, so that jurisdiction of this Court would be shown in the transcript, and it was further ordered that the time for filing the trancript should be extended 20 days from January 30th, 1942, to provide opportunity for such corrections to be made, and it was further ordered that if the transcript should not be amended within such period so as to show jurisdiction of this Court, the appeal should be dismissed.

Said appellant has again tendered the same transcript to this Court for filing, together with his motion to file same, and together with a motion seeking an extension of time within which to file the statement of facts.

The proceedings in this cause were governed by Article 2092, commonly called the Special Practice Act, relating to certain district courts, and, after September 1st, 1941, by Rule 330 of the new rules of procedure. While said Article 2092 was in force, the motion for new trial, where not presented within 45 days after its filing, was treated as being overruled by operation of law 30 days after it was filed. Millers Mutual Fire Insurance Co. of Texas v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035; Pyle v. Yantis, Tex.Civ.App., 132 S.W.2d 917. Under the same authorities, it was held that failure to file the appeal bond within 30 days after the time the motion for new trial was so overruled by operation of law required a dismissal of the appeal. And it was also held that, where the appeal was attempted by affidavit in lieu of an appeal bond, the affidavit was required to be filed within 20 days after the date when the motion for new trial was

920

so overruled by operation of law. Moore v. Wutke, Tex.Civ.App., 145 S.W.2d 224, writ refused; Gray v. Port Arthur City Lines, Tex.Civ.App., 149 S.W.2d 1030, writ dismissed, judgment correct.

Rule 356 of the new rules of procedure requires that an affidavit in lieu of appeal bond must be filed within 20 days after the order overruling the motion for new trial. Appellant appears to consider that the time for filing the affidavit must be governed by the provisions of Rule 330(*l*), which provide that the judgment of the District Court becomes final after the expiration of 30 days after the date of a judgment or after a motion for new trial is overruled. The section of Rule 330 cited by appellant appears to contain no change from the corresponding section of Article 2092, which was in force at the time the decisions above cited were rendered. We therefore find nothing in the new rules of procedure to alter the effect of the above cited decisions.

While, under the procedure in force prior to the effective date of the new rules, our authority probably would have been limited to a denial of the right to file the transcript, we observe that Rule 388 appears to provide specifically that, in a situation like the one now before us, we shall dismiss the appeal.

It will serve no good purpose to grant the extension of time for filing the statement of facts, so the motion therefor is overruled.

The appeal is dismissed.