**HOME INS. CO., NEW YORK, v. ROSE.**

No. 6227.

Court of Civil Appeals of Texas. Amarillo.

June 16, 1952.

Rehearing Denied Sept. 2, 1952.

Thompson, Knight, Wright, Weisberg & Simmons, Dallas, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

LUMPKIN, Justice.

On June 6, 1951, the appellee, Joe M. Rose, signed an application for hail insurance on his cotton crop in which he stated that on June 1, 1951, his crop was "up and showing a good stand." In compliance with this application the appellant, The Home Insurance Company, New York, issued a policy of insurance. The 10th condition of the policy provides as follows:

"10. Cotton, Beans (Except Soybeans), Cucumbers and Melons—This insurance shall not take effect until the crop is up and shows a stand.

"Not to exceed one-third (⅓) of the insurance per acre applied for hereunder shall take effect before noon on the fifteenth day after the crop was up and showed a stand, and not to exceed two-thirds (⅔) of the insurance per acre applied for hereunder shall take effect between noon on the fifteenth day and noon on the thirtieth day after the crop was up and showed a stand, the date on which the crop was up and showed a stand being stated in the insured's application."

On June 15, 1951, at 8:30 p. m., the appellee's cotton crop was totally destroyed by hail. He submitted proof of his loss claiming that the appellant owed him $2,700 under the two-thirds provision of the insurance policy. The appellant refused to pay this amount but did offer to pay $1,350 under the one-third provision of the policy. Thereafter, appellee filed this suit alleging that the 10th condition of the insurance policy (which we have quoted above) is ambiguous and subject to construction by the court. He insists that the policy is subject to two constructions: (1) that in computing the 15-day period covered by the one-third provision, June 1, 1951, the date the crop was up and showed a stand, was intended to be taken into account; or (2) the policy is subject to the construction that it was not intended the computation should

take June 1 into consideration. The appellant, on the other hand, alleged that the policy was unambiguous and was subject to but one construction, i. e., that the day the crop was up and showed a stand was not to be taken into account in computing the 15 days. The question, then, is whether, under the language of the policy, June 1, is the first day of the 15-day period which pays the appellee only one-third of the loss per acre. This amounts to $1,350. If this is so, then 8:30 p. m., of June 15, the hour the crop was destroyed, is without this period and is within the 15-day period paying two-thirds of the loss per acre. This sum amounts to $2,700. The issue therefore between the appellee, Joe M. Rose, and the appellant, The Home Insurance Company, New York, is whether the appellee is entitled to recover the sum of $2,700 or is entitled to recover only the sum of $1,350. The trial court's judgment was in favor of the appellee.

In our opinion the language of the policy is ambiguous. In case of ambiguity our courts adopt the construction of the policy most favorable to the insured. In 24 Tex.Jur. 705, it is said:

"It is a settled principle of insurance law, laid down in a host of decisions, that language of a policy which is susceptible of more than one construction should be interpreted strictly against the insurer and liberally in favor of the insured. * * * In other words, when the contract is capable of two constructions, under one of which recovery is allowed but under the other of which it is denied, that construction will be given which permits a recovery. And where two interpretations, equally fair, may be made, that which allows the greater indemnity must prevail."

This rule, relating to ambiguities, however, does not permit courts to remake policies or to change the face of their plain and explicit terms. Northwestern Casualty & Surety Co. v. Barzune, Tex.Civ.App., 42 S.W.2d 100, 102.

Since we have determined that the 10th condition named in the policy is ambiguous, we must determine whether June 1 is to be included or excluded in computing the 15-day period. The answer is to be found in the words "after the crop was up and showed a stand." There is some difference of opinion as to whether the word "after," as applied to time, is to be used as inclusive or exclusive of the terminus a quo. Some jurisdictions make a distinction between computation from an act done and from the day on which the act was done. They hold that where the computation is to be made from an act done, the day on which the act was done must be included—but that where the computation is made from the day itself, and not from the act done, the day on which the act was done must be excluded. In other jurisdictions this distinction is disregarded on the ground that as a day is an indivisible point of time, an act and the day on which it is done are coextensive and that, therefore, where a period of time is to be computed from or after a specified act or event, the day of the act or event is excluded and the last day of the period included. But all jurisdictions seem to agree that such terms do not have an absolute and invariable meaning, and they will receive an inclusive or exclusive construction according to the intentions with which they are used. 41 Tex. Jur., 346; Chicago Title & Trust Co. v. Smyth, 94 Iowa 401, 62 N.W. 792, 793.

The appellee has cited the case of Acme Life Ins. Co. v. White, Tex.Civ.App., 99 S.W.2d 1059, 1060, writ dism., which he asserts has application here, at least on general principles. In that case the policy of insurance, dated January 17, 1933, contains this provision:

"If the insured shall die by his or her own act while he or she is sane or insane, within two years from the date hereof * * * the liability of the company shall be limited to the amount of the premiums paid by the insured."

On January 17, 1935, the insured, James L. White, committed suicide. The question to be determined by the Eastland Court of Civil Appeals was this: Was January 17, 1935, the date of White's death, within or

after two years from January 17, 1933? The Court said:

"Obviously, if January 17, 1933, is excluded from the period of time designated as 'two years from date hereof,' then that period of time (two years) brings the suicide, if such, within the period of time which would limit. recovery to the premiums paid. If said two years' period begins with, or includes, January 17, 1933, then the death of the policyholder occurred on the day following the expiration of the two years' time contemplated in the above provision of the policy, and any defense predicated upon that provision would not be available to the defendant."

The Court held that the date of January 17, 1933 (the date of the policy), should be included in the calculation of the time there in question and Mrs. White was permitted to recover. The Court concluded by saying:

"In arriving at our conclusion herein, we take into consideration certain phrases and expressions of the contract involved. For instance, it will be observed in the outset that if appellant's contention is to be upheld and 'January 17, 1933', be excluded from the two years' period covered by the suicide clause, it follows that had the policyholder received his policy on that date and he had then committed suicide the full amount of the policy would have been collectible regardless of the suicide clause, which, according to the appellant's contention, would not have become operative until January 18, 1933, the day following delivery. This would be an unreasonable, if not an absurd, construction to give the contract."

In this case the insurance policy is not made a part of the record, and therefore we do not have an opportunity to examine it as a whole and determine whether other provisions of the contract would harmonize or aid in giving a clear and reasonable construction to the ambiguous portions. We note, however, that the portion of the policy

sent up begins by saying: "This insurance shall not take effect until the crop is up and shows a stand." This sentence would indicate that the parties intended that the period of time was to be computed after a specified act or event, i. e., "after the crop was up and showed a stand." Applying this interpretation and conclusion and further applying the rule that where two interpretations may be made that which allows the greater indemnity must prevail, we find that the parties intended that the 15-day period should include June 1, 1951. We therefore overrule the appellant's points of error and affirm the judgment of the trial court.