THE HOME INSURANCE COMPANY, NEW YORK,
v. JOE M. ROSE.

No. A-3853. Decided February 18, 1953.
Rehearing overruled March 25, 1953.
(255 S.W. 2d Series 861)

*Thompson, Knight, Wright & Simmons* and *Richard E. Gray,* all of Dallas, for petitioner.

The Court of Civil Appeals and the district court erred in holding that the loss upon which the respondent Rose sued came within the two-thirds provision of the policy rather than within the one-third provision. Citizens Natl. Bank in Abilene v. Texas & Pac. Ry. Co., 136 Texas 333, 150 S.W. 2d 1003; Hardy v. City of Throckmorton, 70 S. W. 2d 775; Acme Life Ins. Co. v. White, 99 S.W. 2d 1059.

*Ratliff, Conner & Walker, L. D. Ratliff,* all of Spur, for respondent.

In reply to petitioner's point of error cite Province Washington Ins. Co. v. Proffitt, 150 Texas 207, 239 S. W. 2d 379; 24 Texas Jur. p. 795; 41 Texas Jur. 346.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The decision of this case turns on the construction of a paragraph of a policy by which petitioner, Home Insurance Company, New York, insured respondent, Joe M. Rose, against loss or damage to his growing cotton by hail. If one construction is given, respondent is entitled to recover $2700.00; if the other construction is given, he is entitled to recover $1350.00. The trial court's judgment for $2700.00 was affirmed by the Court of Civil Appeals, 255 S.W. 2d 238.

On June 6, 1951, respondent made application for the policy in the amount of $4500.00, with a ten per cent deductible clause, and the policy was executed and delivered on June 7, 1951. Respondent stated in his application that the crop was "up and showing a good stand" on June 1, 1951. The crop was totally destroyed by hail on June 15, 1951, at 8:30 P. M.

As condition No. 10 the policy contained the following:

"10. COTTON, BEANS (EXCEPT SOYBEANS), CUCUMBERS AND MELONS—This insurance shall not take effect until the crop is up and shows a stand.

"Not to exceed one-third (1/3) of the insurance per acre applied for hereunder shall take effect before noon on the fifteenth day after the crop was up and showed a stand, and not to exceed two-thirds (2/3) of the insurance per acre applied for hereunder shall take effect between noon on the fifteenth day and noon on the thirtieth day after the crop was up and showed a stand, the date on which the crop was up and showed a stand being stated in the insured's application."

The decision of the Court of Civil Appeals rests on its conclusion that the quoted condition of the policy is ambiguous in that it may mean either that June 1 is to be included or that it is to be excluded in computing the period at the end of which liability for one-third of the insurance terminates and liability for two-thirds begins. Having determined that there was ambiguity, that Court adopted the construction most favorable to

the insured and affirmed the trial court's judgment on the basis of liability for two-thirds of the insurance.

When June 1 is included in making the computation, the period for the one-third liability terminated at noon on June 15, and the loss occurred after the period for the two-thirds liability had begun; and when June 1 is excluded in making the computation, the period for the one-third liability did not terminate until noon on June 16, and the loss occurred within the period for the one-third liability.

We cannot find ambiguity in condition No. 10 of the policy quoted above. The language is that not to exceed one-third of the insurance shall take effect before noon on the fifteenth day *after* the crop was up and showed a stand. And in the same sentence is the provision, "the date on which the crop was up and showed a stand being stated in the insured's application." The application states that the crop was up and showing a good stand on June 1, 1951. When the whole of the condition quoted is considered, it clearly means, in our opinion, that not more than one-third of the insurance shall take effect before noon on the fifteenth day after the date on which the crop was up and showed a stand.

The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included unless a contrary intent is clearly manifested by the contract. Lubbock v. Cook, 49 Texas 96; Hunter, Evans & Co. v. Lanius, 82 Texas 677, 18 S. W. 201; Aetna Life Insurance Co. v. Wimberly, 102 Texas 46, 112 S. W. 1038, 23 L.R.A. (N.S.) 759; Hardy v. City of Throckmorton, 70 S. W. 2d 775, application for writ of error refused; Gray v. Port Arthur City Lines, 149 S. W. 2d 1030; 52 Am. Jur., pp. 348-350, Sec. 23, p. 352, Sec. 27; Note 137 A.L.R. pp. 1155-1174.

We do not find in the contract anything manifesting an intention to include the first day in the computation of the period. And the application of the general rule in this case does not involve inconsistency with or contradiction of the time when the policy became operative, as in Acme Life Insurance Co. v. White, 99 S. W. 2d 1059, 1060, cited in the opinion of the Court of Civil Appeals. That case differed further from this case in that the period specified was *"within* two years from the date hereof". (Emphasis added.)

Respondent's argument stresses the fact that condition No. 10 of the policy does not expressly provide that the period for one-third liability runs from and after the day or date on which the crop was up, that is, that the words used are "after the crop was up and showed a stand", and not after the day or date when the crop was up. The position taken seems to be that the period began to run immediately after the time or the event of the crop being up, and not from the day on which it was up. This position goes back to what has been described as an early common law rule that where a period of time was to be computed from an act or event as distinguished from a designated day, the day of the act or event was included in the computation. It is said that the early common law rule is in most jurisdictions no longer recognized. 52 Am. Jur., pp. 349-350, Sec. 53; Note 137 A.L.R. p. 1155. We have found no Texas decisions following or approving that early rule. In Gray v. Port Arthur City Lines, 149 S. W. 2d 1030, it is said:

"In judicial proceedings the general rule is that where any matter of practice or procedure is required by statute to be done within a certain number of days *from or after a preceding event,* the first day is excluded in computing such period of time and the last day of time given for performance of the thing to be done is counted." (Emphasis added.) 149 S. W. 2d 1030, 1031.

In others of the Texas decisions above cited the period ran from an act or event and not from a designated day, and the day of the act or event was excluded. However, as stated, our opinion is that condition No. 10, when the whole of it is considered, clearly expresses the intention that not more than one-third of the insurance shall take effect before noon on the fifteenth day after the date on which the crop was up and showed a stand.

Respondent argues further that the statement that the crop was up and showed a stand on June 1, 1951, means that it was up and showed a stand all of the day of June 1, beginning immediately after midnight on May 31, and that therefore June 1 should be included in the computation. But the contract does not speak in terms of hours or of minutes. It speaks of days. It measures the period of liability for one-third and the period of liability for two-thirds by days and it provides that "the date" on which the crop was up and showed a stand be stated in the insured's application. The application states that the crop was

"up and showing a good stand June 1, 1951", not in the very early morning of that day and not at any certain hour of that day. Day is the unit, and the day, June 1, is the time when the crop was up and showed a stand. Noon on the fifteenth day after that day is to be counted from that day and that day excluded.

The language used being plain and unambiguous, the contract of insurance must be enforced as made. East Texas Fire Insurance Co. v. Kempner, 87 Texas 229, 27 S. W. 122, 47 Am. St. Rep. 99; United States Fidelity & Guaranty Co. v. Baldwin Motor Co. (Com. App.) 34 S. W. 2d 815.

Respondent's original petition alleges that petitioner tendered to him $1350.00 in payment of its liability under the contract, and that the tender was refused.

The judgments of the District Court and the Court of Civil Appeals are reversed and judgment is here rendered that respondent have and recover judgment against petitioner for $1350.00, together with interest thereon at six per cent per annum from January 28, 1952. The costs of all courts are taxed against respondent.

Opinion delivered February 18, 1953.

Rehearing overruled March 25, 1953.