Ruth JONES, Appellant,

v.

**SOUTHERN LIFE INSURANCE COMPANY, Appellee.**

No. 13499.

Court of Civil Appeals of Texas.

Houston.

March 24, 1960.

———◆———

Law Offices of Warner F. Brock, Warner F. Brock; David J. Nagle, Houston, for appellant.

Croom & Barnes, Sam Croom, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Ruth Jones, to recover benefits under a health and accident policy issued by appellee, Southern Life Insurance Company. The case was tried before the court without a jury and the facts were stipulated. The court found as a matter of law that the appellant was entitled to maximum benefits in the aggregate of $500 for the loss of an eye under the terms of the policy. Appellee had paid appellant's hospital bill of $311 on her authorization. Appellee, therefore, deduct-ed such amount from the $500 and tendered the balance of $189 into court, in which amount judgment was rendered for appellant. The recovery of statutory penalties and attorney's fees was denied since the appellee is admittedly a state-wide mutual assessment, life, health and accident company and is not liable for penalties and attorney's fees under the Insurance Code of the State of Texas.

Appellant contends that the trial court erred in not holding that the contract of insurance in question made appellee liable for the specific benefit of $500 for the loss of an eye in addition to $311 hospital-medical payments, which appellee had made in behalf of appellant. The case involves simply the construction of the policy in question. It is appellant's contention that if the policy is not perfectly clear that appellant is entitled to both hospital-medical payments and $500 for the loss of her eye, then the policy is ambiguous and should be construed by the court in favor of appellant.

■ In construing a contract of insurance, the rules applicable are "the same as those used in interpreting ordinary contracts." Iowa Mutual Insurance Company v. Faulkner, Tex.Sup.1957, 300 S.W.2d 639, 642. "Where the language of policy is plain and unambiguous, policy must be enforced as made." United American Insurance Co. v. Pittillo, Tex.Civ.App., 308 S.W.2d 241, no writ history. In connection with her alternative ground for recovery alleging ambiguity, appellant relies on the case of Red v. Group Medical and Surgical Service, Tex.Civ.App.1957, 298 S.W.2d 623, enunciating the rule that in the event of ambiguity, insurance contracts must be construed strictly in favor of the insured and against the insurer. Trahan v. Southland Life Insurance Co., 1956, 155 Tex. 548, 289 S.W.2d 753.

The general propositions of law relied on by appellant cannot be questioned. Their applicability will of course depend upon the provisions of the policy as a whole.

Appellant refers to the heading of the policy where it is stated that the "Policy Provides Benefits for Loss of Life, Limb, or Sight Resulting from Accidental Bodily Injuries and for Loss due to Hospital Confinement and other Specified Losses Resulting from Accidental Bodily Injuries, Sickness or Disease, or to Maternity Benefits to the extent herein Provided." Appellant also refers to the insuring clause where it is provided that the policy insures against (1) "loss of life, limb or sight and loss from hospital confinement resulting independently of all other causes from accidental bodily injuries. * * * (2) * * *, and (3) other specified losses, subject to all the provisions and limitations hereinafter contained."

■ It is appellant's contention that such provisions are in the conjunctive, and that therefore the policy provides for dual benefits in the event of an accident, to wit: for loss of an eye and for loss resulting from hospital confinement made necessary by the accident. Standing alone, such provisions might possibly be subject to the interpretation placed thereon by appellant. However, in construing the provisions of a contract, the contract must be construed as a whole. As stated in Burns v. American National Insurance Co., Tex.Com.App., 280 S.W. 762, 764:

"The general rule that contracts of insurance are to be strictly construed in favor of the insured does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. Travelers' Insurance Co. v. Scott (Tex. Civ.App.) 218 S.W. 53; Cooley's Briefs on the Law of Insurance, vol. 2, p. 1483."

Section II, Part A, of the policy provides:

"If bodily injury or sickness covered by this policy shall require the Insured to be confined as a resident patient within a lawfully operated Hospital, the Company will pay the expense actually incurred by the Insured for room and board up to the amount per day specified in the Schedule of Indemnities on the last page hereof, but not to exceed 100 days for any one injury or any one sickness."

The Schedule of Indemnities above referred to in Section II, Part A provides for a hospital allowance of $6 per day not exceeding 100 days.

Part D, Special Accident Provisions, provides in part as follows:

"If the person or persons insured under this Policy should sustain injury through purely accidental means, * *, the Company will pay: * * *. Loss of either eye * * * $500

\*     \*     \*     \*     \*     \*

"* * *. Only one of the amounts named in the schedule above (the Greatest) will be paid as a result of any one accident, and shall be in lieu of all other indemnities provided under this Policy for such accident."

The words "and shall be in lieu of all other indemnities provided under this Policy for such accident" are emphasized by being in bolder print than the other print.

In construing the policy as a whole, it seems clear to us that appellant under the terms of the policy is entitled to recover for the loss of her eye only $500, and that such payment is in lieu of all other indemnities, including the indemnities provided in Section II, Part A, referred to above. Since there is no ambiguity in the provisions of the policy when the contract is read as a whole, it must be enforced as made. Home Ins. Co. of New York v. Rose, 1953, 152 Tex. 222, 255 S.W.2d 861.

The judgment of the trial court is affirmed.