Opinion issued July 31, 2003








In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00447-CV




IN RE NEUTRAL POSTURE, INC. & REBECCA BOENIGK, Relators




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N
          Relators, Neutral Posture, Inc. and Rebecca Boenigk, plaintiffs below, filed a
petition for writ of mandamus complaining about the trial court’s


 April 12, 2002
order granting the motion to compel arbitration filed by the real parties in interest,
BodyBilt, Inc. and ErgoBilt, Inc. (collectively, “BodyBilt”),


 and denying relators’
application for temporary and permanent injunctions to enjoin BodyBilt from
arbitrating the dispute. In five issues, relators argue that the trial court abused its
discretion in denying an injunction and ordering all parties to arbitration because (1)
BodyBilt failed to comply with a condition precedent to the arbitration agreement; (2)
BodyBilt failed to initiate arbitration before the arbitration agreement expired; (3)
BodyBilt failed to give notice of the nature of its claims; and (4) ErgoBilt, Inc. and
Rebecca Boegnik were not parties to the arbitration agreement. We conditionally
grant the petition for writ of mandamus.
Background
          The facts are essentially undisputed. The underlying proceeding arises from
a November 13, 1996 settlement agreement that contains a provision for arbitration. 
The arbitration provision states that the parties “agree that for a period of five (5)
years from the date of this Agreement all disputes and controversies which arise
between the Parties shall be submitted to binding arbitration under the Commercial
Rules of the American Arbitration Association [AAA]. . . .” 
          On the evening of November 13, 2001, BodyBilt attempted to initiate 15
separate arbitration proceedings against relators pursuant to the 1996 settlement
agreement by faxing 15 demands for arbitration to the AAA in Fresno, California.


 
By letter dated November 14, 2001, the AAA’s Western Case Management Center
advised the parties that it had received the demands for arbitration on November 14,
2001 and was forwarding them to its Central Case Management Center located in
Dallas, Texas. On November 15, 2001, BodyBilt forwarded copies of the 15 demands
for arbitration to relators by overnight delivery. Relators received the copies of
BodyBilt’s demands for arbitration on November 16, 2001.
          On February 15, 2002, relators filed the underlying proceeding for temporary
and permanent injunctions to prohibit BodyBilt from arbitrating. BodyBilt responded
and moved to compel arbitration and to stay the proceedings in the trial court pending
arbitration. After an evidentiary hearing on March 4, 2002, the trial court denied
relators’ application for temporary injunction and granted BodyBilt’s motion to
compel arbitration and to abate the proceedings by order signed April 12, 2002. The
trial court also filed findings of fact and conclusions of law, finding that BodyBilt had
faxed its demands for arbitration to the AAA on November 13, 2001 and concluding
that those demands were filed within the time frame specified in the 1996 agreement.
Proper Forum
          We must first decide which forum has the authority to decide the merits of this
dispute, the trial court or an arbitrator. We look to the recent decision of Howsam v.
Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S. Ct. 588, 591-93 (2002) for guidance.           In Howsam, the Court analyzed the “question of arbitrability” in two prongs:
issues of procedural arbitrability and those of substantive arbitrability. Id. 
Procedural arbitrability encompasses those questions “which grow out of the dispute
and bear on its final disposition.” Id. They include determinations whether
conditions precedent to arbitrability, such as notice, time limits, laches, and estoppel,
have been met. Id. Procedural arbitrability is the province of the arbitrator. Id. 
Substantive arbitrability, by contrast, implicates the sort of “gateway” issues such as
whether a particular arbitration agreement binds the parties to arbitrate a given
dispute. Such questions are reserved for judicial determination. Id. Therefore, the
classification of the issue determines which forum has adjudicative authority. Id. 
          In Howsam, the Court held that the application of a six-year limitation from the
date of the occurrence under the arbitration rules of the National Association of
Securities Dealers was an issue of procedural arbitrability for the arbitrator, rather
than a question of substantive arbitrability for the judge. Id. In the present case, we
are confronted with a question of whether a valid agreement to arbitrate existed to
bind the parties to arbitration in the first instance. We are not faced, like the Court
in Howsam, with the interpretation of a procedural rule of the arbitrators themselves.
Determining whether the agreement to arbitrate expired by its terms is a question of
the very existence of an agreement to arbitrate. Therefore, it is an issue of substantive
arbitrability reserved for judicial determination.
Standard of Review
          Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a legal duty when there is no adequate remedy
at law. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999). When a trial court
erroneously grants a party’s motion to compel arbitration, the movant has no adequate
remedy at law and is entitled to a writ of mandamus. See In re Am. Homestar, Inc.,
50 S.W.3d 480, 483 (Tex. 2001). We review the trial court’s order for abuse of
discretion. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex. 1992); Trico
Marine Servs., Inc. v. Stewart & Stevenson Technical Servs., 73 S.W.3d 545, 548
(Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion
when it errs in determining what the law is or in applying the law to the facts. In re
Bruce Terminix Co., 988 S.W.2d 702, 703 (Tex. 1998); Trico Marine Servs., 73
S.W.3d at 548.
          “‘A party cannot be required to arbitrate unless it has agreed to do so.’” Trico
Marine Servs., 73 S.W.3d at 548 (quoting Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202,
205 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding)); see also Tex. Civ.
Prac. & Rem. Code Ann. § 171.021(a) (Vernon Supp. 2003) (requiring judge to
order arbitration upon finding agreement to arbitrate). “The parties’ agreement to
arbitrate must be clear. In this determination, Texas contract law applies.” Trico
Marine Servs., 73 S.W.3d at 548 (citations omitted). “Construction of an
unambiguous contract is a question of law.” Id. (citing MCI Telecommunications
Corp. v. Texas Util. Elec. Co., 995 S.W.2d 647, 650 (Tex. 1999)).
Burden of Proof
          Under both the Texas Arbitration Act (“TAA”) and the Federal Arbitration Act
(“FAA”), a party seeking to compel arbitration has the initial burden to establish the
arbitration agreement’s existence and to show that the claims asserted fall within the
agreement’s scope.


 In re Kellogg Brown & Root, 80 S.W.3d 611, 615 (Tex.
App.—Houston [1st Dist.] 2002, orig. proceeding); see Tex. Civ. Prac. & Rem.
Code Ann. § 171.021(a). Whether an enforceable agreement to arbitrate exists is a
legal question subject to de novo review. In re Kellogg Brown & Root, 80 S.W.3d
at 615. If the party seeking arbitration carries its initial burden, the burden then shifts
to the party resisting arbitration to present evidence on its defenses to the arbitration
agreement. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999); see also Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b) (Vernon Supp.
2003); Mohamed, 89 S.W.3d at 835.
Analysis
          In their second issue, relators argue that the trial court abused its discretion in
compelling arbitration because BodyBilt’s demands for arbitration were untimely. 
Because this is a threshold issue, we address it first. We agree that BodyBilt did not
initiate arbitration before the agreement to arbitrate had expired.
          The settlement agreement between the parties is dated November 13, 1996, and
was signed by all parties that day. Under section 7.01, the 1996 settlement agreement
states that the parties “agree that for a period of five (5) years from the date of this
Agreement all disputes and controversies which arise between the Parties shall be
submitted to binding arbitration under the Commercial Rules of the American
Arbitration Association. . . .” Relators first argue that BodyBilt’s demands for
arbitration were faxed a day too late because the five-year period that the arbitration
provision was to remain in effect began on November 13, 1996; therefore, the period
ended on November 12, 2001. We disagree. 
          Under the law of Texas and most other states, when time is to be computed
from or after a certain day or date, the designated day is to be excluded, and the last
day of the period is to be included unless a contrary intent is clearly manifested by the
contract. Home Ins. Co. v. Rose, 255 S.W.2d 861, 862 (Tex. 1953). We find no
contrary intent manifested in the 1996 settlement agreement. Construing the contract
as a matter of law, we hold that the five-year period the arbitration provision was to
remain in existence ended on and included November 13, 2001.
          Relators next argue that, even if arbitration could have been initiated on
November 13, 2001, BodyBilt did not properly initiate arbitration on that date. We
agree.
          Under the arbitration provision in the 1996 settlement agreement, the parties
agreed that any arbitration would be “under the Commercial Rules of the American
Arbitration Association.” The choice of particular arbitration rules by the parties in
an agreement to arbitrate binds the parties to the provisions of those rules regarding
the initiation of arbitration. Rule R-4(a) of the AAA’s Commercial Arbitration Rules
provides as follows:
 
 
R-4 Initiation under an Arbitration Provision in a Contract
 
(a)Arbitration under an arbitration provision in a contract shall be
initiated in the following manner:
 
i.The initiating party (the “claimant”) shall, within the time period,
if any, specified in the contract(s), give to the other party (the
“respondent”) written notice of its intention to arbitrate (the
“demand”), which demand shall contain a statement setting forth the
nature of the dispute, the names and addresses of all other parties, the
amount involved, if any, the remedy sought, and the hearing locale
requested.
 
ii.The claimant shall file at any office of the AAA two copies of the
demand and two copies of the arbitration provisions of the contract,
together with the appropriate filing fee as provided in the schedule
included with these rules.
 
iii.The AAA shall confirm notice of such filing to the parties.

American Arbitration Association, Commercial Dispute Resolution
Procedures (Including Mediation and Arbitration Rules) Rule R-4 (2000)
(emphasis added).
          The 1996 settlement agreement states that, for a period of five years, the parties
will arbitrate all disputes under the Commercial Arbitration Rules of the AAA. Rule
R-4 requires a claimant to initiate arbitration by providing written notice of its intent
to arbitrate to the respondent within the time period specified in the contract. It is
undisputed that BodyBilt did not give written notice of its intent to arbitrate to
relators until November 16, 2001, three days after the five-year period specified in the
contract had lapsed. Because the arbitration provision had expired by its own terms
before BodyBilt initiated arbitration pursuant to the arbitration rules agreed to in the
1996 settlement agreement, there was no valid agreement to arbitrate.
Conclusion
          We hold that BodyBilt, as the party seeking to compel arbitration, failed to
carry its burden to prove the existence of a valid agreement to arbitrate because, on
the undisputed facts, the arbitration agreement had expired before BodyBilt initiated
arbitration. Thus, the trial court abused its discretion in denying the requested anti-arbitration injunction and ordering the parties to arbitrate in the absence of a valid
agreement to arbitrate. Because of our resolution of issue two, we do not need to
reach relators’ remaining issues. 
          We conditionally grant the petition for writ of mandamus and order the trial
court to vacate its April 12, 2002 order denying an anti-arbitration injunction and
granting the motion to compel arbitration of the real parties in interest, BodyBilt, Inc.
and ErgoBilt, Inc. The writ will issue only if the trial court fails to vacate its order.
 
                                                             Lee Duggan, Jr.



                                                             Justice

Panel consists of Justices Hedges, Keyes, and Duggan.